IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOU LONG LO, | No. CV-F-03-5055 REC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING CLERK TO ENTER JUDGMENT FOR DEFENDANT |
| vs. | |
| UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

On April 25, 2005, the court heard the parties' cross-motions for summary judgment and took the motions under submission. By Order filed on May 23, 2005, the court ordered defendant to submit to the court for <u>in camera</u> review unredacted copies of the pages of materials provided to plaintiff pursuant to his FOIA request and described in the First Amended Complaint which defendant contends are exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(7)(C) and 552a(j)(2). Defendant complied with the court's Order by filing the unredacted documents <u>under seal</u>

1

1 for the court's <u>in camera</u> review.

2 On April 25, 2005, the court heard the cross motions for
3 summary judgment filed by the parties.

4 Upon due consideration of the record and the arguments of
5 the parties, the court denies plaintiff's motion for summary
6 judgment and grants defendant's motion for summary judgment.[1]

7 On February 13, 2003, plaintiff Tou Long Lo, represented by
8 James Holland, filed a First Amended Complaint for Disclosure of
9 Records pursuant to the Freedom of Information Act (FOIA), 5
10 U.S.C. §§ 552, 552a.  In the FAC, plaintiff alleges that the FBI
11 has failed to produce 57 pages of materials that were unredacted
12 and further alleges in Count One in pertinent part:

13     11.  It is believed and alleged herein, that
    the requested records are relevant and

14

---

15 [1] By Stipulation and Order filed on March 8, 2005, the parties
agreed to extend the dates for the filing and hearing of the cross-
16 motions for summary judgment, previously set in the court's January
13, 2005 scheduling order, because "Plaintiff's counsel had a
17 dental emergency and, as a result, is unable to file his moving
papers by the deadline."  The deadline to file the cross-motions
18 for summary judgment was extended from March 7 to March 14, 2005.
Plaintiff did not file his cross-motion for summary judgment until
19 March 15, 2005 at 11:45 <u>p.m.</u>  Plaintiff did not provide any excuse
for the failure to timely comply with the stipulation and did not
20 request an extension of time to file the untimely cross-motion for
summary judgment.  The United States moves the court to strike
21 plaintiff's cross-motion or requests that plaintiff's cross-motion
otherwise be dismissed. Rule 16(f), Federal Rules of Civil
22 Procedure, allows the court to impose such sanctions, <u>see</u> <u>Johnson
v. Mammoth Recreations, Inc.</u>, 975 F.2d 604,  610 (9th Cir. 1992).
23 Mr. Holland has already been warned in this action and in another
action before this court, <u>Yang v. MAGEC</u>, No. CV-F-01-5437 REC, that
24 he must timely comply with the Local Rules of Practice and that the
failure to do so may result in the imposition of sanctions.
25 However, the court will not impose the requested sanctions here
because neither the United States nor the court has been prejudiced
26 by plaintiff's untimely cross-motion.

2

        probative in proving, in the related case, a nexus between plaintiff Lo's status as an informant and witness for the FBI and DOJ, and his being prosecuted on bogus criminal charges at the instance of the police department about whose City Council Mr. Lo's information and testimony pertained ....

        ...

        15.  It is plaintiff's assertion that plaintiff's need for quick production of the materials requested of the defendant ... is due to a potential, imminent loss of civil rights in the related case.  It is plaintiff's assertion that the public interest embodied in 42 *U.S.C.* 1985(2) outweighs countervailing interests defendant may cite in justification for its failure to respond or to produce the requested records.

        16.  It is plaintiff's further allegation that the public's reliance upon law enforcement agencies use [sic] of cooperating informants and witnesses, and the consequent need of those informants and witnesses, including plaintiff herein, to be able to protect themselves by civil action as against retaliation from those about whom they inform and testify, far outweigh any claim of exemption that might be made by the defendant herein.  It is plaintiff's further allegation that the role of the FBI, first, in conducting an apparent investigation of allegations of that a Fresno Police Captain (now Chief) accepted a $10,000.00 bribe, while releasing an informant's identity to a criminal suspect then under investigation (Robert Yang), who had sufficient connections with City and County officials to influence the filing of retaliatory criminal charges against the informant (Lo), offers compelling evidence sufficient to mandate the public's interest in production of the requested information, to confirm or refute the evidence.  The information requested may also shed light on whether the FBI possesses information proving the $10,000.00, but has failed or refused to press the matter.

In Count Two, it is alleged:

3

>    18.  On May 21, 2002, through counsel, plaintiff issued to the Federal Bureau of Investigation, Eastern District of California, a request that duplicated the substance of plaintiff's request that was sent to the United States Attorney ....
>
>    19.  On September 5, 2002, the FBI produced some redacted records in response to plaintiff's request ....
>
>    20.  On September 22, 2002, plaintiff appealed the FBI's redactions of information from the documents produced ....
>
>    ...
>
>    23.  After a number of phone calls to and with the FBI and USDOJ FOIA personnel, on February 4, 2003, counsel for plaintiff received the FBI's denial of the appeal ... The FBI's 2/04/03 denial of plaintiff's FOIA appeal constitutes a final agency action, allowing plaintiff to bring count two of the current action.
>
>    24.  The same interests that favor production of the 57 pages referred by the EO US Attorney, also favor production of the information redacted from the pages produced by the FBI.

The FAC prays with respect to Count One that the court order the FBI to produce to plaintiff the 57 pages of documents in their entirety and that the court enjoin the FBI from further withholding from plaintiff, in whole or in part, any of the 57 pages of documents.  The FAC prays with respect to Count Two that the court order the FBI to produce to plaintiff the 25 pages of redacted documents in their entirety and without redaction and that the court enjoin the FBI from further withholding from plaintiff, in whole or in part, any of the documents.

   On May 30, 2000, Tou Long Lo filed a Complaint in <u>Tou Long</u>

4

Lo v. Henry Montreal, et al., No. CV-F-00-5813 REC/SMS (hereinafter referred to as the Related Case). In the Related Case, plaintiff alleged that he was arrested and prosecuted on false criminal charges, later dismissed, in a conspiracy of the City of Fresno, its employees and other non-City employed defendants. Plaintiff also alleged that he was charged and prosecuted on the false charges because of his status as a cooperating informant for the FBI and as a witness for the United States Attorney's Office in the investigation of bribery and other misuses of charitable organizations regarding the proceeds from the Hmong New Year celebration held annually in Fresno among members of the Fresno City Council and various Hmongs, including Robert Yang. The court entered a default against Robert Yang. By Orders filed on April 17, 2003, the court granted summary judgment for all remaining defendants in this action in connection with the Third Amended Complaint, the court ruling that the action was barred by the applicable statute of limitations. Plaintiff filed an appeal to the Ninth Circuit but that appeal was dismissed because the claims against Robert Yang had not been disposed of by this court. By Order filed on February 4, 2004, the court denied plaintiff's motion for default judgment against Robert Yang on the ground that this action had been dismissed against the other defendants as barred by the statute of limitations and that a default judgment against Robert Yang would result in logically inconsistent adjudications as to liability. The court directed entry of judgment for defendants,

which judgment was entered.  Plaintiff again filed an appeal to the Ninth Circuit.  However, the Ninth Circuit dismissed the appeal for failure to prosecute in May, 2004.

Following the final judgment against plaintiff in the Related Case, the United States moved to dismiss this FOIA action for lack of subject matter jurisdiction, contending that the FOIA action is moot to the extent that the First Amended Complaint seeks unredacted records under FOIA for use in the Related Case. In denying this motion to dismiss, the court ruled in its Order filed on November 12, 2004 in pertinent part as follows:

> Plaintiff concedes that this action is moot to the extent that the Amended Complaint seeks the unredacted records under FOIA for use in the related case.
>
> However, plaintiff argues, the allegation in paragraph 16 of the Amended Complaint pertaining to the role of the FBI in conducting an investigation of the taking of a bribe by Fresno Police Captain Dyer while releasing plaintiff's identity to Robert Yang is a justification for the release under FOIA of the redacted records that does not depend upon the continued viability of the related case.
>
> The United States asserts that plaintiff's reliance upon paragraph 16 is made for the first time in his opposition to this motion and notes that the parties agreed at the June 9, 2003 scheduling conference that the ruling on the appeal in the related case would obviate the issues in this case.  The United States represented at oral argument that plaintiff stated at the scheduling conference that he wanted to go public or to publish a book and, therefore, needed the documents and that Magistrate Judge Snyder gave plaintiff leave to amend to include these claims. However, the United States notes, plaintiff did not amend.

6

>          Plaintiff admitted at oral argument that
>          Magistrate Judge Snyder gave him leave to
>          amend.  However, plaintiff stated, he opted
>          to rely on paragraph 16 as presently pleaded
>          to support other grounds for the FOIA
>          request.
>
>          The United States further notes that
>          plaintiff does not identify in his opposition
>          precisely what is the second justification
>          for the production of the unredacted records
>          and contends that paragraph 16 merely alleges
>          a reason why the unredacted records should be
>          released for use in the related case.  The
>          United States contends that a reading of the
>          entirety of paragraph 16 makes it
>          "unquestionable that Plaintiff's sole purpose
>          in and the basis for requesting release of
>          the un-redacted copies of the records was for
>          use as evidence in the related action."  The
>          United States notes that plaintiff's FOIA
>          requests attached as exhibits to the First
>          Amended Complaint make clear that plaintiff
>          sought the unredacted records for use in the
>          related action and that plaintiff articulated
>          no other justification for release.
>
>          At oral argument, plaintiff contended that
>          the second half of paragraph 16 references
>          the testimony of defendant Montreal in the
>          related action regarding the bribe and
>          references matters beyond discovery in the
>          related action.  Plaintiff stated that, once
>          the related action was dismissed, he began to
>          think of other reasons to disclose the
>          information independent of the related case.
>
>          The court cannot conclude from this record
>          that this action is now moot because of the
>          disposition of the related case.  The court
>          concludes that plaintiff is entitled to
>          proceed with the FOIA claim to the extent
>          that it seeks production of records the role
>          of the FBI in conducting an investigation of
>          allegations of that a Fresno Police Captain
>          accepted a $10,000.00 bribe but failed or
>          refused to press the matter.

   FOIA provides in 5 U.S.C. § 552(b)(7)(C) that the Freedom of
Information Act does not apply to matters that are

7

```
                  records or information compiled for law
                  enforcement purposes, but only to the extent
                  that production of such law enforcement
                  records or information ... (C) could
                  reasonably be expected to constitute an
                  unwarranted invasion of personal privacy ....

5 U.S.C. § 552a(j)(2) provides in pertinent part:

                  The head of any agency may promulgate rules
                  ... to exempt any system of records within
                  the agency from any part of this section ...
                  if the system of records is -

                       (2) maintained by an agency or
                  component thereof which performs as its
                  principal function any activity pertaining to
                  the enforcement of criminal laws, including
                  police efforts to prevent, control, or reduce
                  crime or to apprehend criminals ... and which
                  consists of ... (B) information compiled for
                  the purpose of criminal investigation,
                  including reports of informants and
                  investigators, and associated with an
                  identifiable individual; or (C) reports
                  identifiable to an individual compiled at any
                  stage of the process of enforcement of the
                  criminal laws from arrest or indictment
                  through release from supervision.
```

The FOIA mandates a policy of broad disclosure of government documents when production is properly requested. 5 U.S.C. § 552(a)(3). An agency may withhold a document, or portions of a document, only if the information contained in the document falls within one of the nine statutory exemptions to the disclosure requirement set forth in Section 552(b). The burden is upon the government agency to establish that a given document is exempt from disclosure. Bowen v. U.S. Food and Drug Administration, 925 F.2d 1225, 1226 (9th Cir. 1990). However, "[u]nlike the disclosure provisions of FOIA, its statutory exemptions 'must be narrowly construed.'" Lion Raisins v. U.S. Dept. of Agriculture,

354 F.3d 1072, 1079 (9th Cir. 2004).  In satisfying its burden of establishing that requested documents are exempt from disclosure, the agency may rely on affidavits submitted by its agents.  The agency is not required to specify its objections to disclosure in such detail as to compromise the secrecy of information.  If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further.  Id. at 1227.  The district courts have discretion to order in camera inspection of the actual documents the government wishes to withhold.  5 U.S.C. § 552(a)(4)(B).  As noted, the court ordered defendant to submit unredacted copies of the documents at issue for in camera review.

With regard to a claimed exemption under Section 552(b)(7)(C), i.e., that disclosure of law enforcement records "could reasonably be expected to constitute an unwarranted invasion of personal privacy", the Supreme Court in Dept. of Justice v. Reporters Comm., 489 U.S. 749 (1989), explained the approach to be taken:

> Our previous decisions establish that whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.  Except for cases in which the objection to disclosure is based on a claim of privilege and the person requesting disclosure is the party protected by the privilege, the identity of the requesting party has no bearing on the merits of his or her FOIA request ....
>
> Thus whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the

9

> Freedom of Information Act "to open agency action to the light of public scrutiny."' ..., rather than on the particular purpose for which the document is being requested. In our leading case on the FOIA, we declared that the Act was designed to create a broad right of access to 'official information.' ...
>
> ...
>
> This basic policy of '"full agency disclosure unless information is exempted under clearly delineated statutory language,"' ... indeed focuses on the citizens' right to be informed about 'what their government is up to.' Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. ....
>
> ...
>
> Both the general requirement that a court 'shall determine the matter de novo' and the specific reference to an 'unwarranted' invasion of privacy in Exemption 7(C) indicate that a court must balance the public interest in disclosure against the interest Congress intended the exemption to protect.

489 U.S. at 771-773, 776.

Plaintiff asserts that he is not seeking by his motion for summary judgment to obtain the redacted information concerning the names and other personal information about the witnesses and informants in the redacted pages. Plaintiff only discusses the application of Exemption 7(C) to FBI special agents and employees.

As explained in <u>Lissner v. U.S. Customs Service</u>, 241 F.3d

10

1220, 1223 (9th Cir. 2001), the Ninth Circuit held in pertinent part with regard to the privacy interest of government officials:

> It is true that individuals do not waive all privacy interests in information relating to them simply by taking the oath of office, ... but by becoming public officials their privacy interests are somewhat reduced. See Lesar v. United States Dep't of Justice, 636 F.2d 472, 487 (D.C.Cir. 1980)('In their capacity as public officials FBI agents may not have as great a claim to privacy as that afforded ordinarily to public citizens, but the agent by virtue of his official status alone does not forego altogether any privacy claim in matters related to official business.'). We intimated as much in Dobronski v. Fed. Communications Comm'n, 17 F.3d 275, 279 (9th Cir. 1994), where we recognized that a government employee's privacy interests may be diminished to the extent it might disclose 'official misconduct.'

Therefore, the FBI special agents whose names were redacted from the reports of the criminal investigation provided to plaintiff under FOIA have a privacy interest in their identities except to the extent that the requested information might disclose official misconduct.

With regard to the public interest in disclosure, as noted, the scope of plaintiff's FOIA request is now limited to the production of records pertaining to the role of the FBI in conducting an investigation of allegations of that a Fresno Police Captain accepted a $10,000.00 bribe but that the FBI failed or refused to press the matter.

It is noted that the absence of evidence that any misconduct occurred does not preclude disclosure under FOIA. "While 'the

1 public interest in ensuring the integrity and reliability of
2 government investigation procedures is greater where there is
3 some evidence of wrongdoing on the part of the government
4 official,' ... '[n]othing in the statutory command [of the FOIA]
5 conditions agency compliance on the requesting party showing that
6 he has knowledge of misfeasance by the agency.' ...." Lissner,
7 supra, 241 F.3d at 1223.

8  Plaintiff's request for the names of the FBI Special Agents
9 who conducted the interviews described on the redacted documents
10 is limited to the names of those agents.  There is no other
11 personal information concerning the special agents described on
12 those documents.  It is arguable that plaintiff's FOIA request,
13 as now limited, weighs in favor of the public interest because it
14 seeks to disclose misfeasance by a federal law enforcement
15 officer in failing or refusing to investigate an allegation of
16 corruption against a police officer in the context of a wider
17 investigation of official corruption.  However, the court
18 concludes that the name of an FBI agent conducting a particular
19 interview fails to  "shed[] light on an agency's performance of
20 its statutory duties" in the absence of any indication that that
21 interview involved allegations of Dyer taking a bribe and the FBI
22 failing to investigate the allegations.  In any event, from the
23 court's in camera review of the unredacted documents, and as
24 averred by Special Agent Callihan, there is absolutely nothing in
25 the redacted portions of any of those documents that pertain to
26 any interview by FBI agents involving allegations of Dyer taking

12

a bribe and the FBI failing to investigate the allegations.

Plaintiff also asserts that Fresno Police Department officers and non-profit corporations have limited privacy interests under Exemption 7(C):

> When acting as public officials, [Fresno Police Department officers] do not enjoy a right to shield from the public's presumptive right to information that sheds light on an agency's performance of its statutory duties, the statutory purposes of FOIA, by claiming they have a right to privacy even when acting in their official capacities as public officials, performing their employing agency's duties.
>
> Finally, the same is also true for non-profit corporations that may be mentioned in the records. Such organizations are subject to the Brown Act and/or California Public Records Act, because of the public interest in their operation embodied in their tax-exempt status.
>
> On balance, most of the persons and/or entities that likely [sic] to be referenced in the records sought, have limited privacy interests because either they are employees of public, governmental agencies or entities whose records are subject to mandatory pubic disclosure.

While plaintiff may be correct that municipal police officers and state non-profit organizations have a more limited privacy interest under the FOIA, the court concludes that disclosure of the names or personal information of any of these persons or entities will demonstrate official misconduct on the part of the FBI. Again, from the court's <u>in camera</u> review of the unredacted documents, there is absolutely nothing in the redacted portions of any of those documents that pertain to any interview

13

by FBI agents involving allegations of Dyer taking a bribe and the FBI failing to investigate the allegations.

Plaintiff asserts that Henry Monreal's deposition testimony establishes that an FBI interview on the topic of the alleged bribe accepted by Dyer occurred and contends that Special Agent Callihan "fails to explain how it is that such an interview took place, but was not documented, especially given the detailed level of documentation of other interviews the FBI agents conducted that were produced in redacted form." In <u>Papa v. United States</u>, 281 F.3d 1004, 1013 (9th Cir. 2002), the Ninth Circuit stated:

> Defendants correctly cite authority for the proposition that the production of all nonexempt material, 'however belatedly,' moots FOIA claims. The problem for defendants is that they have cited nothing in the record certifying that all the records in existence that must be produced have been produced. The affidavits on which defendants rely merely state certain documents were produced; they do not detail the methods used to search for the documents and never state that all documents have been produced. Affidavits justify summary judgment only when they are 'relatively detailed and nonconclusory.'

Plaintiff relies on this statement in contending that Special Agent Callihan's declarations do not suffice to meet this burden:

> Mr. Callihan's declaration does not certify that all the records in existence that must be produced have been produced. Mr. Callihan does not detail the methods used to search for documents; in fact, his later discovery of 17 pages of documents that had earlier been 'inadvertently omitted' ... tends to show that there exist some gaps in whatever the methodology was that was used to identify

14

        the responsive documents in the first instance.

However, the FAC requests that the court order the United States to disclose all of the described pages described in the FAC without redaction.  There is no allegation in the FAC that a document exists that has not been produced under the FOIA.  The same is true with respect to plaintiff's motion for summary judgment.  It is only in plaintiff's opposition to the United States' motion for summary judgment that he contends that not all documents requested to be produced have not been produced because of Monreal's deposition testimony.  As noted above, plaintiff was given the opportunity to further amend the FAC and declined to do so.  The court will not entertain plaintiff's claim at this juncture given this circumstance.

ACCORDINGLY:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted.

3. The Clerk of the Court is directed to enter judgment for defendant.

IT IS SO ORDERED.

**Dated: June 10, 2005**              **/s/ Robert E. Coyle**
668554                              UNITED STATES DISTRICT JUDGE

15